Eastern District of Kentucky
**F I L E D**
AUG 1 4 2014
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

**UNITED STATES OF AMERICA**

V.

**LOUIS JOSEPH BROTHERS and
ROSEMARY BROTHERS**

INDICTMENT NO. 14-35-ART-JGW

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### INTRODUCTION

1.  The Arms Export Control Act (AECA), codified at 22 U.S.C. § 2778, *et seq.*, authorizes the President of the United States to control the export of "defense articles" by designating items on the United States Munitions List (USML).

2.  The AECA and its attendant regulations, the International Traffic in Arms Regulations, (ITAR), 22 C.F.R., §§ 120-130, require a person to apply for and obtain an export license from the Department of State, Directorate of Defense Trade Controls (DDTC) before exporting arms, ammunition, or articles of war, which are classified as defense articles, from the United States. The ITAR also prohibits the export or attempted export from the United States of any defense article for which a license or written approval is required.

3.  In the application for an export license, the exporter is required to state, among other things, the nature of the defense articles to be exported, the end recipient of the defense articles, and the purpose for which the defense articles are intended. These

the defense articles, and the purpose for which the defense articles are intended. These factors and others assist the DDTC in determining whether the export of the defense articles would further the security and foreign policy interests of the United States.

4. The defense articles which are subject to licensing requirements are designated on the USML. Those designations are made by the Department of State with the concurrence of the Department of Defense.

5. Category XV of the USML includes spacecraft systems and associated equipment. This category includes a variety of satellites, including communication satellites, remote sensing satellites, scientific satellites, and all designed or modified systems or subsystems, components, parts, accessories, attachments, and associated equipment for the articles in this category.

6. Aeroflex product 5962R9689109VXC, a microcircuit, is a defense article within USML Category XV(e), and a license from the DDTC was required before it could be exported from the United States.

7. Aeroflex product UT28F256QLET-45UPC, a radiation-hardened programmable read-only memory (PROM) product, was a defense article within USML Category XV(e), and a license from the DDTC was required before it could be exported from the United States.

8. Xilinx product XQR2V3000-4CG717V, a radiation-hardened microcircuit, was a defense article within USML Category XV(e), and a license from the DDTC was required before it could be exported from the United States.

9. Xilinx product XQR4VSX55-10CF1140V, a microcircuit, was a defense article within USML Category XV(e), and a license from the DDTC was required before it could be exported from the United States.

10. Peregrine product PE9702-01, a radiation-hardened microcircuit, was a defense article within USML Category XV(e), and a license from the DDTC was required before it could be exported from the United States.

11. Peregrine product PE9702-11, a radiation-hardened microcircuit, was a defense article within USML Category XV(e), and a license from the DDTC was required before it could be exported from the United States.

12. Since 1990, the U.S. Government has maintained an arms embargo against the People's Republic of China (PRC) that prohibits the export, re-export, or re-transfer of any defense article to the PRC. It is the policy of the United States and the U.S. Department of State to deny license applications and any other written requests for the export, re-export, or re-transfer of any defense articles covered by the USML.

13. At all times relevant to this Indictment, LOUIS JOSEPH BROTHERS and ROSEMARY BROTHERS did not apply for, receive, or possess a license to export defense articles of any description.

## COUNT 1
### 18 U.S.C. § 371

14. Paragraphs 1 through 13 are incorporated by reference and re-alleged as if fully set forth herein.

15. From on or about a day in 2009, the exact date unknown, and continuing through on or about January 22, 2013, in Kenton and Boone Counties, in the Eastern District of Kentucky, and elsewhere,

**LOUIS JOSEPH BROTHERS and
ROSEMARY BROTHERS**

did knowingly and willfully conspire to export and cause to be exported goods designated as defense articles on the United States Munitions List, that is microcircuits to Hong Kong and the PRC, without obtaining a license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of 22 U.S.C. § 2778(b)(2).

## OJBECTS OF THE CONSPIRACY

16. The objects of the conspiracy were:

   a. To evade and defeat the prohibitions and licensing requirements upon the export of defense articles from the United States to Hong Kong and the PRC;

   b. To conceal the prohibited activities and transactions from detection by the United States government so as to avoid penalties and disruption of the illegal activities; and

   c. To illegally enrich conspirators by unlawfully exporting defense articles from the United States to Hong Kong and the PRC.

## OVERT ACTS

17.    In furtherance of this conspiracy, and to accomplish its purpose and objects, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others:

    a. On or about March 17, 2009, LOUIS J. BROTHERS signed contract number SJVF20090312-1 for the sale of 100 microcircuits identified by product number 5962R9689109VXC, to Hong Kong Shijie Electronics Co., LTD.

    b. On or about January 31, 2011, LOUIS J. BROTHERS signed contract number SJVF20101223-C for the sale of 500 microcircuits identified by product number PE9702-11, to the Heng Yan Group Limited.

    c. On or about March 13, 2012, LOUIS J. BROTHERS signed contract number SJVF20120312-C for the sale of 150 microcircuits identified by product number XQR4VSX55-10CF1140V, to Hong Kong Shijie Electronics Co., LTD.

    d. On or about January 17, 2013, LOUIS J. BROTHERS, assisted by ROSEMARY BROTHERS, attempted to ship via Federal Express a package containing 4 Xilinx XQR4VSX55-10CF1140V microcircuits to Sam Chau, Yi Jain Tian Electronic Co., Ltd., Hong Kong.

    e. From on or about a day in March 2009 through on or about a day in January 2013, ROSEMARY BROTHERS created and maintained a spreadsheet

recording sales, payments, and shipments of the microcircuits, entitled "LUCY SPREADSHEET."

All in violation of 18 U.S.C. § 371.

## COUNTS 2-15
## 22 U.S.C. § 2778(b)(2)
## 18 U.S.C. § 2

18. Paragraphs 1 through 13 are incorporated by reference and re-alleged as if fully set forth herein.

19. From on or about March 2009, and continuing through on or about January 2013, in Kenton and Boone Counties, in the Eastern District of Kentucky, and elsewhere,

**LOUIS JOSEPH BROTHERS and**
**ROSEMARY BROTHERS,**

aided and abetted by each other and others, did knowingly and willfully export and cause to be exported from the United States defense articles on the United States Munitions List without having first obtained from the Department of State a license for export or written authorization for such export, as set forth in greater detail in the following chart:

| Count | Approx. Date of Export | Defense Article | Recipient |
|---|---|---|---|
| 2 | 12/13/2009 | 10 Xilinx XQR2V3000-4CG717V microcircuits | Shijie Electronics, Hong Kong |
| 3 | 04/24/2010 | 3 Xilinx XQR2V3000-4CG717V microcircuits | Shijie Electronics, Hong Kong |
| 4 | 08/19/2010 | 300 Aeroflex 5962R9689109VXC microcircuits | Shijie Electronics, Hong Kong |

| | | | |
|---|---|---|---|
| 5 | 01/25/2011 | 4 Xilinx XQR2V3000-4CG717V microcircuits | Shijie Electronics, Hong Kong |
| 6 | 04/08/2011 | 1,044 Peregrine PE9702-01 microcircuits | Shijie Electronics, Hong Kong |
| 7 | 06/28/2011 | 500 Peregrine PE9702-11 microcircuits | Shijie Electronics, Hong Kong |
| 8 | 07/09/2012 | 560 Aeroflex UT28F256QLET-45UPC SRAMs | Shijie Electronics, Hong Kong |
| 9 | 07/12/2012 | 280 Aeroflex UT28F256QLET-45UPC SRAMs | Shijie Electronics, Hong Kong |
| 10 | 07/19/2012 | 100 Aeroflex 5962R9689109VXC microcircuits | Shijie Electronics, Hong Kong |
| 11 | 07/26/2012 | 4 Xilinx XQR4VSX55-10CF1140V microcircuits | Shijie Electronics, Hong Kong |
| 12 | 07/27/2012 | 4 Xilinx XQR4VSX55-10CF1140V microcircuits | Shijie Electronics, Hong Kong |
| 13 | 10/30/2012 | 3 Xilinx XQR4VSX55-10CF1140V microcircuits | Shijie Electronics, Hong Kong |
| 14 | 11/13/2012 | 1 Xilinx XQR4VSX55-10CF1140V microcircuits | Shijie Electronics, Hong Kong |
| 15 | 01/14/2013 | 16 Xilinx XQR4VSX55-10CF1140V microcircuits | Shijie Electronics, Hong Kong |

Each count in violation of 22 U.S.C. § 2778(b)(2) and 18 U.S.C. § 2.

## COUNT 16
## 18 U.S.C. § 1956(h)

20.     Paragraphs 1 through 13 are incorporated by reference and re-alleged as if fully set forth herein.

21.     From on or about a day in March 2009, the exact date unknown, and continuing through on or about January 22, 2013, in Kenton and Boone Counties, in the Eastern District of Kentucky, and elsewhere,

**LOUIS JOSEPH BROTHERS,
ROSEMARY BROTHERS,**

and others known and unknown to the Grand Jury, did knowingly conspire to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the export from the United States defense articles on the United States Munitions List without having first obtained from the Department of State a license for export or written authorization, violations of 22 U.S.C. § 2778(b)(2):

   a. With the intent to promote the carrying on of the specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

   b. With the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

   c. With the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

All in violation of 18 U.S.C. § 1956(h).

## COUNTS 17-21
## 18 U.S.C. § 1956(a)(1)(A)(i)
## U.S.C. § 2

22. Paragraphs 1 through 13 are incorporated by reference and re-alleged as if fully set forth herein.

23. From on or about March 2009, and continuing through on or about January 2013, in Kenton and Boone Counties, in the Eastern District of Kentucky, and elsewhere

### LOUIS JOSEPH BROTHERS,
### ROSEMARY BROTHERS,

aided and abetted by each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is export from the United States defense articles on the United States Munitions List without having first obtained from the Department of State a license for export or written authorization, violations of the Arms Export Control Act, with the intent to promote the carrying on of specified unlawful activity, to wit: violations of the Arms Export Control Act, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, as set forth in greater detail in the following chart:

| Count | Date | Transaction | Amount |
|---|---|---|---|
| 17 | 11/02/2009 | Wire transfer from Morgan Stanley account number ending in 002 to Aeroflex. | $408,900 |
|  |  |  |  |

| 18 | 11/04/2009 | Wire transfer from Morgan Stanley account number ending in 002 to Avnet | $170,260 |
| 19 | 04/06/2010 | Wire transfer from Morgan Stanley account number ending in 002 to Aeroflex. | $453,900 |
| 20 | 04/05/2012 | Wire transfer from UBS account number ending in 6479 to Aeroflex. | $401,100 |
| 21 | 10/16/2012 | Wire transfer from UBS account number ending in 6479 to Aeroflex. | $488,000 |

Each count in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

## COUNTS 22-26
## 18 U.S.C. § 1956(a)(1)(B)(i)
## 18 U.S.C. § 2

24. Paragraphs 1 through 13 are incorporated by reference and re-alleged as if fully set forth herein.

25. From on or about March 2009, and continuing through on or about January 2013, in Kenton and Boone Counties, in the Eastern District of Kentucky, and elsewhere

**LOUIS JOSEPH BROTHERS and
ROSEMARY BROTHERS,**

aided and abetted by each other, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is the export from the United States defense articles on the United States Munitions List without having first obtained from the Department of State a license for export or written authorization, violations of Arms Export Control Act, knowing the transactions were designed in whole or in part to conceal and disguise the

nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, as set forth in greater detail in the following chart.

| Count | Date | Transaction | Amount |
|---|---|---|---|
| 22 | 10/16/2009 | Wire transfer from Fifth Third Bank account number ending in 1621 to Morgan Stanley account number ending in 002. | $450,000 |
| 23 | 02/12/2010 | Wire transfer from Fifth Third Bank account number ending in 1621 to Morgan Stanley account number ending in 002. | $900,000 |
| 24 | 07/13/2012 | Wire transfer from Fifth Third Bank account number ending in 1621 to UBS account number ending in 6479. | $800,000 |
| 25 | 09/05/2012 | Wire transfer from Fifth Third Bank account number ending in 1621 to UBS account number ending in 6479. | $1,000,000 |
| 26 | 11/14/2012 | Wire transfer from Fifth Third Bank account number ending in 1621 to UBS account number ending in 6479. | $900,000 |

Each count in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

**COUNTS 27-31**
**18 U.S.C. § 1956(a)(2)(B)(i)**
**18 U.S.C. § 2**

26. Paragraphs 1 through 13 are incorporated by reference and re-alleged as if fully set forth herein.

27.     From on or about March 2009, and continuing through on or about January 2013, in Kenton and Boone Counties, in the Eastern District of Kentucky, and elsewhere

**LOUIS JOSEPH BROTHERS and
ROSEMARY BROTHERS,**

aided and abetted by each other, did knowingly transmit and transfer funds from a place inside the United States to and through a place outside the United States and affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is the export from the United States defense articles on the United States Munitions List without having first obtained from the Department of State a license for export or written authorization, violations of Arms Export Control Act, knowing the transmissions and transfers were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, to wit: violations of the Arms Export Control Act, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, as set forth in greater detail in the following chart:

| Count | Date | Transaction | Amount |
|---|---|---|---|
| 27 | 11/14/2012 | Wire transfer from UBS account ending in 6479 to Sberbank Srednerussky, account ending in 4808, a bank in Russia. | $40,000 |
| 28 | 11/27/2012 | Wire transfer from UBS account ending in 6479 to Sberbank Srednerussky, account ending in 4808, a bank in Russia. | $67,000 |

| 29 | 12/10/2012 | Wire transfer from UBS account ending in 6479 to Sberbank Srednerussky, account ending in 4808, a bank in Russia. | $40,000 |
| 30 | 01/03/2013 | Wire transfer from UBS account ending in 6479 to Sberbank Srednerussky, account ending in 4808, a bank in Russia. | $63,000 |
| 31 | 01/16/2013 | Wire transfer from UBS account ending in 6479 to Sberbank Srednerussky, account ending in 4808, a bank in Russia. | $40,000 |

Each count in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 22 U.S.C. § 401
## 18 U.S.C. § 982(a)(1)
## 28 U.S.C. § 2461

In committing the felony offenses alleged in Counts 1 through 31 of this Indictment, each punishable by imprisonment for more than one year,

## LOUIS JOSEPH BROTHERS and
## ROSEMARY BROTHERS

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 982(a)(1), 22 U.S.C. § 401, and 28 U.S.C. § 2461, any property, real or personal, which; a) constitutes or is derived from proceeds traceable to the offenses; b) is property involved in such offense or traceable to such property; or c) any technology which is intended to be or is being exported in violation of export laws, as well as any vessel, vehicle, or aircraft containing the same or which has been used or is being used in exporting or attempting to export such articles, including but not limited to the following:

**FINANCIAL ACCOUNTS:**

1. $261,015.81 in funds seized from Fifth Third Bank Account No. ******1621 in the name of Louis J. Brothers d/b/a Valley Forge Composite Technologies; and
2. $1,145,844.87 in funds seized from UBS Account No. ***6479 in the name of Louis J. Brothers d/b/a Valley Forge Composite Technologies.

**TECHNOLOGIES:**

1. 50 Aeroflex microcircuits, product number 5962D9960601QUC;
2. 97 Aeroflex microcircuits, product number 5962F9689109VXC;
3. 300 Aeroflex microcircuits, product number 5692L0053605QYC
4. 100 Aeroflex microcircuits, product number 5962R9654401VEC;
5. 400 Aeroflex microcircuits, product number 5962R9654403VXC;
6. 150 Aeroflex microcircuits, product number UT22VP10E-15PCC;
7. 3 Aeroflex microcircuits, product number UT28F256LV;
8. 14 Xilinx microcircuits, product number XQ2V3000-4CG71M;
9. 19 Xilinx microcircuits, product number XQR4VSX55-10CF1140V;
10. 157 Peregrine Semiconductor microcircuits, product number PE94302-01;
11. 7 Actel Corporation microcircuits, product number 5962-0054301QYC;
12. 3 Actel Corporation microcircuits, product number 5962-0054302QYC;
13. 2 Actel Corporation microcircuits, product number 5962-0151801QYC;
14. 3 Actel Corporation microcircuits, product number 5962-9958502QYC;
15. 3 Actel Corporation microcircuits, product number APA600-CQ208M; and
16. 4 Xilinx microcircuits, product number XQR4VSX55-10CF1140V.

**MONEY JUDGMENT:**

Approximately $ 37,123,300.00, representing the gross receipts obtained, directly or indirectly, as a result of such violations.

**SUBSTITUTE ASSETS:**

If any of the property listed above, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property in which the above defendants have an interest, up to the value of the currency described above and pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c).

A TRUE BILL

*/s/ Kerry B Harvey*
KERRY B. HARVEY
UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:**  Not more than 5 years imprisonment, not more than $250,000 fine or both, and 3 years supervised release.

**COUNTS 2-15:**  Not more than 20 years imprisonment, not more than $1,000,000 fine or both, and 3 years supervised release.

**COUNTS 16-31:**  Not more than 20 years imprisonment, not more than $500,000 fine or both, and 3 years supervised release.

**PLUS:**  Forfeiture, as alleged.

**PLUS:**  Mandatory special assessment of $100 per count.

**PLUS:**  Restitution, if applicable.